UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH FOLEY and MELISSA FOLEY, Individually and as Personal Representatives of the Estate of JOSEPH PARKER FOLEY,<br>  Plaintiffs,<br><br>vs.<br><br>JOHN BLAKE and DUXBURY PUBLIC SCHOOLS,<br>  Defendants. | C.A. No. 1:21-CV-10615-ADB |

**ANSWER OF DEFENDANT, DUXBURY
<u>PUBLIC SCHOOLS, AND JURY DEMAND</u>**

**FIRST DEFENSE**

Plaintiffs' Complaint fails to state a claim against the defendant, Duxbury Public Schools, upon which relief can be granted and, therefore, must be dismissed.

**SECOND DEFENSE**

The defendant, Duxbury Public Schools [hereinafter "defendant"], responds to plaintiff's Complaint, paragraph by paragraph, as follows:

[Unnumbered Paragraphs]. The defendant admits the plaintiffs bring this action individually and as personal representatives of the estate of their late son, Joseph Parker Foley. The defendant admits plaintiffs' son attended Duxbury Middle School ("DMS"), admits John Blake was a physical education and health teacher at DMS, and admits plaintiffs' son died in late 2020. The defendant neither admits nor denies the remainder of the allegations contained in the Unnumbered Paragraphs of plaintiffs' Complaint, because it has no actual knowledge of same and, therefore, calls upon the plaintiffs to prove same.

**Parties**

1. – 6. The defendant admits the allegations contained in Paragraphs 1 – 6.

**Factual Allegations**

7. – 10.   The defendant admits the allegations contained in Paragraphs 7 – 10.

11.   The defendant admits that, as a physical education student at DMS, plaintiffs' son was under the supervision of John Blake and other teachers.  The defendant neither admits nor denies the remainder of the allegations contained in Paragraph 11, because it has no actual knowledge of same and, therefore, calls upon the plaintiffs to prove same.

12.   The defendant neither admits nor denies the allegations contained in Paragraph 12, because it has no actual knowledge of same and, therefore, calls upon the plaintiffs to prove same.

13.    The defendant admits that, as a physical education student at DMS, plaintiffs' son was under the supervision of John Blake and other teachers.  The defendant neither admits nor denies the nature of the relationship between the defendant and DMS students in the mid-2000s, as this is an issue of law to which the defendant need not respond.

14.   The defendant denies the allegations contained in Paragraph 14.

15.   The defendant admits that male DMS students dressed in the boys' locker room before attending physical education class in the gymnasium.

16.   The defendant admits that John Blake had an office adjacent to the boys' locker room at DMS.  The defendant neither admits nor denies that Blake's office "was set up such that he would be able to see and inspect" the male students before they entered the gymnasium, because it has no actual knowledge of same and, therefore, calls upon the plaintiffs to prove same.  In the event a response is nonetheless required, the defendant denies the remainder of the allegations contained in Paragraph 16.

17. – 19.   The defendant neither admits nor denies the allegations contained in Paragraphs 17 – 19, because it has no actual knowledge of same and, therefore, calls upon the plaintiffs to prove same.

20. – 21.   The defendant denies the allegations contained in Paragraphs 20 – 21.

22. – 34.  The defendant neither admits nor denies the allegations contained in Paragraphs 22 – 34, because it has no actual knowledge of same and, therefore, calls upon the plaintiffs to prove same.

35. The defendant admits that the plaintiff, Joseph Foley, sent an anonymous letter to Superintendent Dr. John Antonucci on or about February 15, 2018, with copies to the Plymouth County District Attorney, the Duxbury Police Chief and the Duxbury Clipper.  The defendant neither admits nor denies the contents of the letter as it is a written document that speaks for itself.  The defendant neither admits nor denies the remainder of the allegations contained in Paragraph 35, because it has no actual knowledge of same and, therefore, calls upon the plaintiffs to prove same.

36. The defendant admits the anonymous letter was reported to the Duxbury Police Department.  In further responding, the defendant states that, following the Superintendent's receipt of the letter, John Blake was placed on administrative leave pending the outcome of investigations conducted by the Plymouth County District Attorney, the Duxbury Police Department and the defendant.  The defendant admits that, due to the anonymous nature of the report and lack of substantiating evidence, Blake was not terminated from his teaching or coaching positions at that time.  In further responding, the defendant states that, at the time he reinstated Blake, the Superintendent explicitly reserved the right to reopen the investigation in the event additional information became available.  The defendant denies the remainder of the allegations contained in Paragraph 36.

37. The defendant neither admits nor denies the allegations contained in Paragraph 37, because it has no actual knowledge of same and, therefore, calls upon the plaintiffs to prove same.

38. The defendant admits that the plaintiffs filed a report with the Duxbury Police Department following the death of their son.  The defendant neither admits nor denies the allegations contained in the remainder of Paragraph 38, because it has no actual knowledge of same and, therefore, calls

upon the plaintiff to prove same.  The defendant neither admits nor denies the contents of the police report as it is a written document that speaks for itself.

39. The defendant admits that the plaintiffs reported the allegations of sexual abuse to the defendant and the Massachusetts Department of Education.  The defendant admits John Blake was placed on administrative leave pending the outcome of an investigation conducted by Attorney Regina Ryan of Discrimination and Harassment Solutions, LLC.

40. The defendant neither admits nor denies the contents of Attorney Ryan's report and/or Executive Summary as they are written documents that speak for themselves. In the event a response is nonetheless required, the defendant admits Attorney Ryan found the plaintiffs and their son's friends credible in their reporting of their son's allegations of sexual abuse, and found John Blake not credible.

## COUNT I
**Assault and Battery**
**(Blake)**

41. The defendant repeats and incorporates by reference its responses to Paragraphs 1 – 40 above.

42. – 44.  The defendant does not respond to the allegations contained in Paragraphs 42 – 44, as Count I is directed against another defendant.

## COUNT II
**Violation of M.G.L. c. 214, § 1C, and M.G.L. c. 151C, § 2**
**(All Defendants)**

45. The defendant repeats and incorporates by reference its responses to Paragraphs 1 – 44 above.

46. – 48.  The defendant neither admits nor denies the statements contained in Paragraphs 46 – 48, as they are mere statements of law to which no response is required.

49. – 50.  The defendant denies the allegations contained in Paragraphs 49 – 50.

## COUNT III
### Violation of 42 U.S.C. § 1983
### (All Defendants)

51.     The defendant repeats and incorporates by reference its responses to Paragraphs 1 – 50 above.

52 – 53.   The defendant does not respond to the allegations contained in Paragraphs 52 – 53, as such allegations are directed against another defendant.

54 – 56.   The defendant denies the allegations contained in Paragraphs 54 – 56.

## COUNT IV
### Violation of Title IX of the Education Amendments of 1972
### (DPS)

57.     The defendant repeats and incorporates by reference its responses to Paragraphs 1 – 56 above.

58.     The defendant neither admits nor denies the statement contained in Paragraph 58, as it is a mere statement of law to which no response is required.

59.     The defendant admits the allegations contained in Paragraph 59.

60. – 62.   The defendant denies the allegations contained in Paragraphs 60 – 62.

## COUNT V
### Violation of the Massachusetts Tort Claims Act, M.G.L. c. 258, § 2
### (DPS)

63.     The defendant repeats and incorporates by reference its responses to Paragraphs 1 – 62 above.

64.     The defendant neither admits nor denies the allegations contained in Paragraph 64, because it has no actual knowledge of same and, therefore, calls upon the plaintiffs to prove same.

65. – 71.   The defendant denies the allegations contained in Paragraphs 65 - 71.

## COUNT VI
### Intentional Infliction of Emotional Distress
### (Blake)

72. The defendant repeats and incorporates by reference its responses to Paragraphs 1 – 71 above.

73. – 78. The defendant does not respond to the allegations contained in Paragraphs 73 – 78, as Count VI is directed against another defendant.

**COUNT VII**
**Negligent Infliction of Emotional Distress**
**(All Defendants)**

79. The defendant repeats and incorporates by reference its responses to Paragraphs 1 – 78 above.

80. The defendant neither admits nor denies the allegations contained in Paragraph 80, because it has no actual knowledge of same and, therefore, calls upon the plaintiffs to prove same.

81. – 85. The defendant denies the allegations contained in Paragraphs 81 – 85.

86. – 87. The defendant does not respond to the allegations contained in Paragraphs 86 – 87, as such allegations are directed against another defendant.

88. – 90. The defendant neither admits nor denies the allegations contained in Paragraphs 88 – 90, because it has no actual knowledge of same and, therefore, calls upon the plaintiffs to prove same. The defendant denies the plaintiffs have been damaged by the defendant.

**COUNT VIII**
**Loss of Consortium**
**(All Defendants)**

91. The defendant repeats and incorporates by reference its responses to Paragraphs 1 – 90 above.

92. The defendant neither admits nor denies the statement contained in Paragraph 92, as it is a mere statement of law to which no response is required.

93. – 94.  The defendant denies the allegations contained in Paragraphs 93 – 94.  The defendant further denies that the plaintiffs are entitled to any relief or damages.

### THIRD DEFENSE

The plaintiffs failed to make written presentment of their claims for negligence and, therefore, cannot recover against the defendant under Counts V and VII of their Complaint.

### FOURTH DEFENSE

The defendant is immune for intentional torts under M.G.L. c. 258, § 10(c).

### FIFTH DEFENSE

The defendant did not act with deliberate indifference and, therefore, the plaintiffs cannot recover under Counts II, III or IV of their Complaint.

### SIXTH DEFENSE

The plaintiffs fail to allege any unconstitutional policy, practice or custom on the part of the defendant.  Further, no unconstitutional policy, practice or custom was either adopted, followed or adhered to by the defendant.  Therefore, Count III must be dismissed as against the defendant, Duxbury Public Schools.

### SEVENTH DEFENSE

The plaintiffs cannot recover under M.G.L. c. 231, § 85X for loss of consortium against a city or town.  Therefore, Count VIII must be dismissed as against the defendant, Duxbury Public Schools.  Doe v. Bradshaw, 2013 WL 5236110, *14 (D. Mass. Sept. 16, 2013); Harrington v. City of Attleboro, 172 F. Supp. 3d 337, 354-55 (D. Mass. 2016); Thomas v. Town of Chelmsford, 267 F. Supp. 3d 279, 315 (D. Mass. 2017).

### EIGHTH DEFENSE

The defendant, John Blake, acted outside the scope of his employment as a matter of law.

**NINTH DEFENSE**

Punitive damages are not recoverable against the defendant, Duxbury Public Schools. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 260 (1981); M.G.L. c. 258, § 2.

**TENTH DEFENSE**

The plaintiffs' injuries and damages were caused by someone for whose conduct, acts and omissions the defendant cannot be held responsible.

**ELEVENTH DEFENSE**

The defendant's actions and conduct were protected by law and/or legal process and, therefore, the plaintiffs cannot recover.

**TWELFTH DEFENSE**

The defendant did not deprive the plaintiffs of any rights secured by the Constitution, the Massachusetts Declaration of Rights, or by the laws of the United States and/or Massachusetts. Therefore, the plaintiffs cannot recover. In the alternative, if the defendant deprived plaintiffs of any constitutional or statutory rights, such rights were not clearly-established at the time of the alleged deprivation.

**THIRTEENTH DEFENSE**

The defendant is immune from suit and liability under the Massachusetts Tort Claims Act. M.G.L. c. 258, § 10.

**FOURTEENTH DEFENSE**

The plaintiffs fail to allege sufficient facts to show that the defendant deprived their son of a right to due process by means of any custom, policy or practice and, therefore, Count III must be dismissed as against the defendant, Duxbury Public Schools.

## FIFTEENTH DEFENSE

The defendant's maximum liability under the Massachusetts Tort Claims Act is $100,000. M.G.L. c. 258, § 2.  Nor can the plaintiffs recover prejudgment interest, costs or attorneys' fees. Id.

## SIXTEENTH DEFENSE

The defendant, Duxbury Public Schools, is not a separate legal entity subject to suit.

## JURY DEMAND

The defendant, Duxbury Public Schools, demands a trial by jury on all claims against it.

The Defendant,
DUXBURY PUBLIC SCHOOLS,
By its Attorneys,

**PIERCE DAVIS & PERRITANO LLP**

*/s/ John J. Davis*
_____
John J. Davis, BBO #115890
10 Post Office Square, Suite 1100N
Boston, MA 02109
(617) 350-0950
jdavis@piercedavis.com

Dated:  April 20, 2021

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on April 20 2021.

*/s/ John J. Davis*
_____
John J. Davis, Esq.