UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH FOLEY and MELISSA FOLEY, Individually and as Personal Representatives of the Estate of JOSEPH PARKER FOLEY, <br>    Plaintiffs, <br><br>vs. <br><br>JOHN BLAKE and DUXBURY PUBLIC SCHOOLS, <br>    Defendants. | C.A. No. 1:21-CV-10615-ADB |

## STIPULATED PROTECTIVE ORDER

The Parties hereby stipulate and agree, and this Court hereby ORDERS, as follows:

1. This Protective Order ("Protective Order") shall apply to all information produced in this action by all Parties ("Discovery Material").

2. The Protective Order shall govern the handling and treatment of all documents a Party designates as "Confidential Documents" as defined herein, including such documents revealed in deposition testimony and deposition transcripts that are produced or provided in the course of pre-trial discovery and preparation for trial in this Litigation.

3. Any Party who produces or exchanges Discovery Material in connection with the Litigation (each, a "Producing Party") may designate such Discovery Material as "Confidential Documents" under the terms of this Protective Order, provided that such Discovery Material contains: 1) Criminal Offender Record Information (CORI) as defined under Massachusetts law; 2) Sexual Offender Record Information ("SORI") as defined under Massachusetts law; 3) information that identifies a criminal victim or witness; 4) reports of rape, sexual assault or domestic violence and/or communications between police and the victims of such offenses as defined under Massachusetts law; 5) information that identifies a confidential informant; 6) information that identifies a juvenile offender; 7) personal identifying data (*e.g.*, dates of birth and social security numbers); 8) personnel records of non-party public employees; 9) disciplinary

records of non-party public employees; 10) student records of non-party public school students as defined under federal and/or Massachusetts law; or 11) information that is not publicly available and which constitutes medical or therapy records of any Party, potential witness or employee of any Party, or information or documents that are otherwise subject to statutorily protected rights under state and federal law and are therefore deemed confidential by operation of law ("Confidential Information").

4. The Confidential Documents and any information obtained from such documents shall be used solely for purposes of the Litigation and for no other unrelated purpose, and shall not be disclosed to or disseminated to, any other, agency, employer, organization or entity, the general public, or any news media or organization, *provided, however, that* such documents may be disclosed to the following:

(a) counsel for the Parties, and their paralegals and clerical assistants;

(b) the Parties, including any officers, directors and employees of the Parties as are reasonably necessary for the purposes of the Litigation and for no other purpose, *provided that* each such person shall be bound by the terms of this Protective Order and shall witness first execute an acknowledgment, in the form attached hereto as Exhibit A, that they are to be bound by the provisions of this Protective Order;

(c) the Court, as provided in Paragraph 7, *infra*;

(d) independent stenographic personnel, court reporters, videographers, or photocopying, document imaging or database services providing services in the Litigation;

(e) outside experts or consultants retained by a Party for purposes of the Litigation and for no other purpose, *provided that* each such person shall be bound by the terms of this Protective Order and shall witness first execute an acknowledgment, in the form attached hereto as Exhibit A, that they are to be bound by the provisions of this Protective Order;

(f) any trial or deposition witness (including such witnesses whom any Party reasonably believes will be required to testify at trial and/or a deposition in the Litigation), in preparation for and/or during testimony, to the extent necessary in good faith to obtain needed discovery or testimony, *provided that* each such person shall be bound by the terms of this Protective Order and shall witness first execute an acknowledgment, in the form attached

        hereto as <u>Exhibit A</u>, that they are to be bound by the provisions of this Protective Order; and

    (g)    any other person to whom the producing party agrees beforehand, in writing, that disclosure may be made, or to whom the Court determines that disclosure may be made, provided that nothing in the foregoing precludes any Party from an application for a Court order to determine to whom a reasonably contested disclosure may be made.

    5.    Counsel for the Parties shall employ reasonable protective measures to ensure that the Confidential Information and Confidential Documents governed by this Protective Order are used only for the purposes specified herein and disclosed only to authorized persons.

    6.    The designation as Confidential Documents shall be made by affixing the word "Confidential" upon the document. The inadvertent failure to mark any document as "Confidential" when being disclosed to an opposing party will not preclude a party from later designating the document as "Confidential," however such later designation must be made in writing.  Should either party inadvertently disclose documents not marked as "Confidential," but that otherwise would have been conspicuously marked as such absent this provision, the party shall not be deemed to be in breach or violation of this Protective Order. Both parties shall act in good faith.

    7.    If any Party disagrees with any other Party's designation of Discovery Material as Confidential Documents, such Party shall indicate in writing which Confidential Document(s) is/are being challenged. The designating Party may thereafter, within 14 days or some other time agreed to in writing by the Parties, move for an order affirming the designation.  While any such motion is pending, the Discovery Material shall be treated as Confidential Documents pursuant to this Protective Order.  The Party asserting the confidential nature of the information shall bear the burden of persuading the Court that the designated material should be treated as Confidential Documents.

8. If a Party wishes to file a Confidential Document with the Court, or if a Party wishes to refer in a memorandum or other filing to information so designated, absent an agreement between the parties that said filing may be made in the normal course, the submitting party must inform the non-submitting party at least ten (10) days prior to the submitting party's filing of its intent to file a Confidential Document or refer to such a document in a filing, such that the non-submitting party may file and serve a Motion to Impound pursuant to the provisions of Local Rule 7.2 to the extent it so desires. Within ten (10) business days of any party filing a Motion to Impound that concerns a document or information designated by the other party as Confidential, the non-moving party shall file a response, if it so desires.  Any subsequent filings of Confidential Documents must be pursuant to the terms and limitations prescribed by the Court in ruling on the submitting party's Motion to Impound. Compliance with this provision shall not constitute a Party's agreement that a Confidential Document was appropriately designated or should be impounded.  Counsel shall make reasonable efforts to avoid the need for impoundment or sealing of documents submitted to the Court by redaction of confidential materials or otherwise consulting with opposing counsel by giving ten (10) days' notice before the filing to agree impoundment or sealing is unnecessary or may be limited.

9. If a Party or participating non-party that has obtained Confidential Documents pursuant to this Agreement:  (a) is subpoenaed in another proceeding; (b) is served with a demand in another action to which it is a party; or (c) is served with any other legal process by one not a Party to the Litigation, for the purpose of obtaining the disclosure of such Confidential Documents, the receiving party shall give prompt written notice of its receipt of such subpoena, demand or legal process to counsel of record for all Parties to the Litigation and any participating non-party so as to allow any Party or participating non-party at least ten (10) days, or such lesser time as such subpoena, demand or legal process specifies for production, to intercede and protect its rights.

10. Nothing in this Protective Order is intended to determine or affect, in any way, the admissibility at trial of such Confidential Documents or information obtained therefrom, all such issues remaining subject to requests as may be made to the Court.

11. In the event that any Confidential Documents are either intentionally or inadvertently disclosed to someone not authorized to receive such material under this Protective Order, or if a person so authorized breaches any of his, her, their, or its obligations under this Protective Order, counsel of record for the Party involved as soon as reasonably practicable shall disclose the unauthorized disclosure or breach to the other Party(ies), and also shall use reasonable efforts to obtain the return of all copies of the Confidential Documents and to prevent any further disclosures of the same.

12. At the conclusion of this Litigation by settlement and/or final judgment, including any appeals or re-trials, all Confidential Documents and any reproductions thereof subject to this Protective Order shall be returned to the Party producing same, or destroyed, at its option subject to applicable law or ethical rule. This Protective Order shall continue in effect after the conclusion of the Litigation, subject to agreement of the Parties or order of the Court.

AGREED TO BY THE PARTIES:

| The Plaintiffs, | The Defendant, |
|---|---|
| JOSEPH FOLEY and MELISSA FOLEY, Individually and as Personal Representatives of the Estate of JOSEPH PARKER FOLEY, | DUXBURY PUBLIC SCHOOLS, |
| By their Attorneys, | By its Attorneys, |
| DROHAN TOCCHIO & MORGAN, P.C., | PIERCE DAVIS & PERRITANO LLP |
| */s/ Jason W. Morgan* | */s/ John J. Davis* |
| Jason W. Morgan, Esq. (BBO #633802)<br>175 Derby Street, Suite 30<br>Hingham, MA 02043<br>(781) 749-7200<br>jmorgan@dtm-law.com | John J. Davis, Esq. (BBO #115890)<br>Justin L. Amos, Esq. (BBO #697232)<br>10 Post Office Square, Suite 1100N<br>Boston, MA 02109<br>(617) 350-0950<br>jdavis@piercedavis.com<br>jamos@piercedavis.com |

The Defendant,

JOHN BLAKE,

By his Attorney,

*/s/ Kevin J. Reddington*

Kevin J. Reddington, Esq. (BBO #414160)
1342 Belmont Street, Suite 203
Brockton, MA 02301
(508) 583-4280
kevinreddington@msn.com

SO ORDERED this ___ day of _____, 2021.

_____
Hon. Allison D. Burroughs
United States District Judge