UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH FOLEY and MELISSA FOLEY,
Individually and as Personal Representatives of
the Estate of JOSEPH PARKER FOLEY,

                  Plaintiffs,

      v.

JOHN BLAKE and DUXBURY PUBLIC
SCHOOLS,

                Defendants.

Civil Action No. 1:21-cv-10615-ADB

## PLAINTIFFS' MOTION TO COMPEL DEFENDANT JOHN BLAKE'S RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES

NOW COME the Plaintiffs, Joseph Foley and Melissa Foley, individually and as Personal Representatives of the Estate of Joseph Parker Foley ("Plaintiffs"), and hereby move this Court to enter an Order that (1) John Blake ("Blake"), by failing to respond at all to the Plaintiffs' First Set of Interrogatories and First Request for Production of Documents (the "Discovery Requests"), has waived his rights to object to the Discovery Requests; (2) Blake is compelled to provide full and complete written responses to the Discovery Requests within three business days; (3) Blake is compelled to produce all responsive documents and electronically stored information ("ESI") within three business days; and (4) Plaintiffs are entitled to recover their costs and fees for bringing this Motion.

Plaintiffs served the Discovery Requests upon Blake on July 23, 2021.  See **Exhibit A**. Accordingly, the deadline for Blake to respond to the Discovery Requests was August 23, 2021. To date, Blake has not responded to either of the Discovery Requests, nor has Blake produced

documents responsive to the document requests. On August 26, 2021, counsel for Blake communicated with undersigned counsel requesting a "short extension" of time to respond to the Discovery Requests. See **Exhibit B**. The parties agreed that Blake would respond to the Discovery Requests the week of September 6, 2021, with the position that the Plaintiffs would reserve their right to assert that Blake waived his objections. Still, to date, Blake has not responded to the Discovery Requests.

Pursuant to Fed. R. Civ. P. 37, a party may move for an order compelling the answers to discovery requests and the production of responsive documents in accordance with Fed. R. Civ. P. 33 and 34, and the moving party may do so when, as here, a responding party fails to answer an interrogatory or refuses to provide requested documents or information. The information and documents sought in the Plaintiffs' Discovery Requests are likely to lead to the discovery of admissible evidence. Accordingly, pursuant to Fed. R. Civ. P. 33, 34, and 37, the Plaintiffs request that the Court enter an Order that:

(1) By failing to respond timely to the Discovery Requests, Blake has waived his right to object to the Discovery Requests;

(2) Within three business days, Blake is compelled to provide full and complete written responses to the Discovery Requests;

(3) Within three business days, Blake is compelled to produce all responsive documents and ESI; and

(4) Plaintiffs are entitled to recover their costs and fees for bringing this Motion.

Respectfully Submitted,

JOSEPH FOLEY and MELISSA FOLEY,
Individually and as Personal Representatives of the
Estate of JOSEPH PARKER FOLEY,

By their counsel,

DATED:  September 27, 2021          /s/  Jason W. Morgan
Jason W. Morgan (BBO #633802)
Drohan Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, Massachusetts 02043
Tel:  (781) 749-7200
Fax:  (781) 740-4335
jmorgan@dtm-law.com

## CERTIFICATE OF SERVICE

I, Jason W. Morgan, hereby certify that, on September 27, 2021, I caused to be served a true and correct copy of the foregoing, *via* ECF filing, upon the following parties of record:

John J. Davis, Esq.                          Kevin J. Reddington, Esq.
Pierce Davis & Perritano LLP       1342 Belmont Street, Suite 203
10 Post Office Square, Suite 1100   Brockton, MA 02301
Boston, MA 02109                         kevinreddington@msn.com
jdavis@piercedavis.com

   /s/  Jason W. Morgan
Jason W. Morgan

# EXHIBIT A

**Julianne Landry**

| | |
|---|---|
| **From:** | Jason Morgan |
| **Sent:** | Friday, July 23, 2021 7:12 PM |
| **To:** | John Davis; kevin reddington |
| **Cc:** | Julianne Landry |
| **Subject:** | Foley v. DPS and Blake |
| **Attachments:** | First Set of Interrogatories to John Blake-20210719.docx; First Set of Interrogatories to Duxbury Public Schools-20210720.docx; First Request for Produciton of Documents to Blake-20210720.docx; First Request for Production of Documents to Duxbury Public Schools-20210721.docx |

Counsel:

Please see attached discovery requests, which are being served in WORD format to allow you to better prepare your responses.

Jason

**Jason W. Morgan, Esq.**

**DROHAN TOCCHIO & MORGAN, P.C.**
175 Derby Street, Suite 30
Hingham, MA 02043
Ph:   781.749.7200 x 137
Fax:  781.741.8865
jmorgan@dtm-law.com



DISCLAIMER: This email transmittal (including attachments) is intended only for the recipient(s) listed above.  It may contain confidential or privileged information.  If you have received this transmittal in error, please contact our I.T. Department (Administrator@dtm-law.com) and delete it from your system.  Any unauthorized distribution or copying of this transmittal may result in civil and/or criminal fines and penalties.

1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH FOLEY and MELISSA FOLEY, Individually and as Personal Representatives of the Estate of JOSEPH PARKER FOLEY,<br><br>    Plaintiffs,<br><br>  v.<br><br>JOHN BLAKE and DUXBURY PUBLIC SCHOOLS,<br><br>    Defendants. | Civil Action No. 1:21-cv-10615-ADB |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES PROPOUNDED UPON DEFENDANT JOHN BLAKE

Pursuant to Fed. R. Civ. P. 33 and Local Rules 26.5 and 33.1 of the U.S. District Court for the District of Massachusetts, Plaintiffs Joseph Foley and Melissa Foley, Individually and as Personal Representatives of the Estate of Joseph Parker Foley ("Plaintiffs"), hereby request that Defendant John Blake ("Blake") serve written responses to the Interrogatories within thirty (30) days of service hereof at the offices of Drohan Tocchio & Morgan, P.C., 175 Derby Street, Suite 30, Hingham, Massachusetts 02043.

## DEFINITIONS

The Uniform Definitions in Discovery Requests, as set forth in Local Rule 26.5 of the U.S. District Court for the District of Massachusetts, are incorporated herein, and terms should be given the following meanings:

1. <u>Parker</u>. The term "Parker" shall mean Joseph Parker Foley.

2. <u>Plaintiffs</u>. The term "Plaintiffs" shall mean Joseph Foley and Melissa Foley, Individually and as Personal Representatives of the Estate of Joseph Parker Foley.

3.      Blake.  The term "Blake" shall mean Defendant John Blake.

4.      DPS.  The term "DPS" shall mean Defendant Duxbury Public Schools.

5.      Complaint.  The term "Complaint" shall mean the Complaint filed by the Plaintiffs in the above-captioned litigation.

6.      Blake's Answer.  The term "Blake's Answer" shall mean the Answer of Defendant John Blake to the Complaint filed by the Plaintiffs in the above-captioned litigation.

7.      Communication.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

8.      Document.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

9.      Identify (With Respect to Persons).  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment.  Once a person has been identified in accordance with this subsection, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

10.     Identify (With Respect to Documents).  When referring to documents, "to identify" means to give, to the extent known, the:

    a.  Type of document;
    b.  General subject matter;
    c.  Date of the document; and
    d.  Author(s), addressee(s), and recipient(s).

11.     State the Basis.  When an Interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall

    a.  Identify each and every document (and, where pertinent, the section, article, or subsection thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

    b.  Identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

    c.  State separately the acts or omissions to act on the party of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

    d.   State separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

12.   <u>Parties</u>.  The terms "plaintiff" or "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the arbitration.

13.   <u>Person</u>.  The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

14.   <u>Concerning</u>.  The term "concerning" means referring to, describing, evidencing, or constituting.

15.   <u>Singular/Plural</u>.  The singular shall include the plural and the plural shall include the singular.

16.   <u>And/Or</u>.  The terms "and" and "or" shall be construed as "and/or" wherever the context permits, to be as broad and inclusive as possible.

## **INSTRUCTIONS**

1.   Form of Response.

    a.   Answers and objections in response to interrogatories served pursuant to Fed. R. Civ. P. 33 shall be made in the order of the interrogatories propounded.

    b.   Each answer, statement, or objection shall be preceded by the interrogatory to which it responds.

    c.   Each objection and the grounds therefor shall be stated separately.

2.   Reference to Records.  Whenever a party answers any interrogatory by reference to records from which the answer may be derived or ascertained, as permitted in Fed. R. Civ. P. 33(c):

    a.   The specification of documents to be produced shall be in sufficient detail to permit the interrogating party to locate and identify the records and to ascertain the answer as readily as could the party from whom discovery is sought;

b.      The producing party shall make available any computerized information or summaries thereof that it either has, or can adduce by a relatively simple procedure, unless these materials are privileged or otherwise immune from discovery;

c.      The producing party shall provide any relevant compilations, abstracts, or summaries in its custody or readily obtainable by it, unless these materials are privileged or otherwise immune from discovery and

d.      The documents shall be made available for inspection and copying within 14 days after service of the answers to interrogatories or at a date agreed upon by the parties.

3.      Objections to Interrogatories.

a.      When an objection is made to any interrogatory, or subpart thereof, it shall state with specificity all grounds upon which the objecting party relies.  Any ground not stated in an objection within the time provided by the Federal rules of Civil Procedure, or any extensions thereof, shall be deemed waived.

b.      No part of an interrogatory shall be left unanswered merely because an objection is interposed to another part of the interrogatory.

4.      Answers to Interrogatories Following Objections.  Answers to interrogatories with respect to which objections were served and which are subsequently required to be answered shall be served within 14 days after it is determined that they should be answered.

5.      Claims of Privilege.  When a claim of privilege is asserted in objection to any interrogatory, or ay subpart thereof, and an answer is not provided on the basis of that assertion, the attorney asserting the privilege shall identify in the objection the nature of the privilege that is being claimed.  If the privilege is being asserted in connection with a claim or defense governed

by state law, the attorney asserting the privilege shall indicate the particular privilege rule that is being invoked.

<div align="center">

**INTERROGATORIES**

</div>

**INTERROGATORY NO. 1**

Please identify yourself fully, giving your full name, age, social security number, residential address, business address and occupation.

**INTERROGATORY NO. 2**

Please identify your full employment history, including but not limited to all names and addresses of any employers, your title or position, your supervisors, and your rate of compensation.

**INTERROGATORY NO. 3**

Please identify and give a full and complete description of any and all training, including but not limited to training concerning sexual abuse of minors, that you have received in your positions as a teacher and/or coach for DPS and/or the Town of Duxbury.

**INTERROGATORY NO. 4**

Please state whether or not you have ever been disciplined or reprimanded as an employee at any job, including but not limited to your any position you have held with DPS and/or the Town of Duxbury.

**INTERROGATORY NO. 5**

Identify and describe in detail the layout and/or floorplans of the gymnasium and adjacent locker rooms of the Duxbury Middle School, including any changes or modifications while you were teaching at the Duxbury Middle School.

**INTERROGATORY NO. 6**

Identify and describe in detail any and all conversations you had with Parker while Parker was a student at the Duxbury Middle School.

**INTERROGATORY NO. 7**

Please state whether you have ever prepared any written report(s), including report cards, concerning Parker, and if so, please describe the content of such report, state to whom and when it was prepared, and state the present custodian of the report.

## INTERROGATORY NO. 8

Identify and describe in detail any and all affairs, including but not limited to any sexual relations, you had with anyone working for the Town of Duxbury and/or DPS, including but not limited to the identity of the person(s) with whom you had an affair, the date range of any such affair(s), and the identity of all persons who were aware of any such affair(s).

## INTERROGATORY NO. 9

With respect to any in-person interaction(s) which took place between you and Parker while Parker was a student at the Duxbury Middle School, please:

a. State the time and place of said in-person interaction(s);
b. State the manner in which you interacted with Parker; and
c. Identify all persons, besides yourself and Parker, present during each such interactions.

## INTERROGATORY NO. 10

Please state in detail your duties and responsibilities for each position you held as an employee of the Town of Duxbury.

## INTERROGATORY NO. 11

Please identify and state in detail any and all complaints that have ever been asserted against you, by a student, a parent of a student, a teacher, an administrator, or any other person concerning your employment as a teacher or coach with DPS and/or the Town of Duxbury.

## INTERROGATORY NO. 12

Please state in detail the manner in which you conducted physical education classes at the Duxbury Middle School, including in your answer:

a. The format of each such class, including whether or not the classes were conducted by one or more staff members;
b. The layout of the locker room, including where your office was located and where other nearby offices were located;
c. The policies regarding attire that students had to wear in order to attend gym class; and
d. The procedures for students who did not bring the mandatory attire for gym class.

## INTERROGATORY NO. 13

Please identify every individual that you have had interactions of a sexual nature with on the property of the Duxbury Middle School, and describe in detail the nature of the sexual interaction and the place (classroom or otherwise) where such sexual interaction occurred.

**INTERROGATORY NO. 14**

Please set forth each and every fact and each and every document upon which you rely in support of your "First Defense".

**INTERROGATORY NO. 15**

Please identify each and every witness or person with knowledge of discoverable information relative to the allegations in the Complaint.

**INTERROGATORY NO. 16**

Identify each person you expect to call as an expert witness at the trial of this action, setting forth the subject matter, in detail, on which each such person may be expected to testify; the substance of all facts about which each such person may be expected to testify; the content of all opinions to which each such person may be expected to testify; and a summary of the grounds of each such opinion and the substance of all facts on which such opinions are based.

**INTERROGATORY NO. 17**

Please identify each and every person with whom you have discussed the allegations of the Complaint with, including the residence and business address of each such person.

**INTERROGATORY NO. 18**

Describe in detail any and all discussions and communications you have had with Regina Ryan and/or Discrimination and Harassment Solutions, LLC.

<div style="margin-left:40%">

Respectfully Submitted,

JOSEPH FOLEY and MELISSA FOLEY, Individually and as Personal Representatives of the Estate of JOSEPH PARKER FOLEY,

By their counsel,

</div>

DATED: July 23, 2021

<div style="margin-left:40%">

  /s/ Jason W. Morgan
Jason W. Morgan (BBO #633802)
Drohan Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, Massachusetts 02043
Tel:  (781) 749-7200
Fax:  (781) 740-4335
jmorgan@dtm-law.com

</div>

## <u>CERTIFICATE OF SERVICE</u>

I, Jason W. Morgan, hereby certify that, on July 23, 2021, I caused to be served a true and correct copy of the foregoing, *via* First-Class Mail and email, upon the following parties of record:

John J. Davis, Esq.
Pierce Davis & Perritano LLP
10 Post Office Square, Suite 1100
Boston, MA 02109
jdavis@piercedavis.com

Kevin J. Reddington, Esq.
1342 Belmont Street, Suite 203
Brockton, MA 02301
kevinreddington@msn.com


   /s/  Jason W. Morgan
Jason W. Morgan

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH FOLEY and MELISSA FOLEY, Individually and as Personal Representatives of the Estate of JOSEPH PARKER FOLEY, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN BLAKE and DUXBURY PUBLIC SCHOOLS, <br><br> Defendants. | Civil Action No. 1:21-cv-10615-ADB |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED UPON DEFENDANT JOHN BLAKE

Pursuant to Fed. R. Civ. P. 34 and Local Rules 26.5 and 34.1 of the U.S. District Court for the District of Massachusetts, Plaintiffs Joseph Foley and Melissa Foley, Individually and as Personal Representatives of the Estate of Joseph Parker Foley ("Plaintiffs"), hereby request that Defendant John Blake ("Blake") serve written responses to this Request and produce documents, electronically stored information and/or tangible things responsive to this Request at the offices of Drohan Tocchio & Morgan, P.C., 175 Derby Street, Suite 30, Hingham, Massachusetts 02043, within thirty (30) days of service hereof.

## DEFINITIONS

The Uniform Definitions in Discovery Requests, as set forth in Local Rule 26.5 of the U.S. District Court for the District of Massachusetts, are incorporated herein, and terms should be given the following meanings:

1.  <u>Parker</u>.  The term "Parker" shall mean Joseph Parker Foley.

2. <u>Plaintiffs</u>. The term "Plaintiffs" shall mean Joseph Foley and Melissa Foley, Individually and as Personal Representatives of the Estate of Joseph Parker Foley.

3. <u>Blake</u>. The term "Blake" shall mean Defendant John Blake.

4. <u>Complaint</u>. The term "Complaint" shall mean the Complaint filed by the Plaintiffs in the above-captioned litigation.

5. <u>Blake's Answer</u>. The term "Blake's Answer" shall mean the Answer of Defendant John Blake to the Complaint filed by the Plaintiffs in the above-captioned litigation.

6. <u>Communication</u>. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

7. <u>Document</u>. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

8. <u>Parties</u>. The terms "plaintiff" or "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the arbitration.

9. <u>Person</u>. The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

10. <u>Concerning</u>. The term "concerning" means referring to, describing, evidencing, or constituting.

11. <u>Singular/Plural</u>. The singular shall include the plural and the plural shall include the singular.

12. <u>And/Or</u>. The terms "and" and "or" shall be construed as "and/or" wherever the context permits, to be as broad and inclusive as possible.

## <u>INSTRUCTIONS</u>

1. Form of Response.

a. Answers and objections in response to requests for document production, served pursuant to Fed. R. Civ. P. 34 shall be made in the order of the requests propounded.

b. Each answer, statement, or objection shall be preceded by the request to which it responds.

c.    Each objection and the grounds therefor shall be stated separately.

2.    Objections to Document Request.

a.    When an objection is made to any document request, or subpart thereof, it shall state with specificity all grounds upon which the objecting party relies.  Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be deemed waived.

b.    No part of a document request shall be left unanswered merely because an objection is interposed to another part of the document request.

3.    Answers to Document Request Following Objections.  Answers to a document request with respect to which objections were served and which are subsequently required to be answered shall be served within 14 days after it is determined that they should be answered, unless directed otherwise.

4.    Claims of Privilege.  When a claim of privilege is asserted in objection to any document request, or any subpart thereof, and any document is not provided on the basis of that assertion, the attorney asserting the privilege shall identify in the objection the nature of the privilege that is being claimed with respect to each such document.  If the privilege is being asserted in connection with a claim or defense governed by state law, the attorney asserting the privilege shall indicate the particular privilege rule that is being invoked.

## **REQUESTS**

## **REQUEST NO. 1**

Any and all non-privileged documents and communications between you and any individual concerning the Complaint and/or the allegations in the Complaint.

**REQUEST NO. 2**

Any and all documents concerning any employment position you held with Duxbury Public Schools, including offer letters, contracts, contract renewals, pay stubs, and job descriptions.

**REQUEST NO. 3**

Any and all documents concerning training you received for your positions of employment with Duxbury Public Schools, including SafeSport Certifications, certifications for courses related to the sexual abuse of minors and prevention thereof, diplomas, manuals, and handbooks.

**REQUEST NO. 4**

Any and all documents and communications concerning any disciplinary action taken against you by Duxbury Public Schools from 2005 through the present date.

**REQUEST NO. 5**

Any and all documents and communications concerning Parker.

**REQUEST NO. 6**

Any and all documents and communications concerning the incidents set forth in the Complaint.

**REQUEST NO. 7**

Any and all documents and communications, including text messages and electronic communications, between you and any individual with whom you have had interactions of a sexual nature with on the property of Duxbury Public Schools.

**REQUEST NO. 8**

Any and all documents concerning any employment or voluntary position you held in which you were responsible for the supervision of minors, including offer letters, electronic communications, job descriptions, and pay stubs.

**REQUEST NO. 9**

Any and all documents and communications between you and any representative or officer of the Duxbury Police Department.

**REQUEST NO. 10**

Any and all documents and communications concerning any polygraph exams you have taken, including reports, results, and notes from any such exam.

**REQUEST NO. 11**

Any and all reports of experts in your possession, custody and/or control that may in any way relate to the claims asserted in the Complaint, either directly or indirectly.

**REQUEST NO. 12**

Any and all documentary evidence which you intend to offer into evidence at the trial of this action.

**REQUEST NO. 13**

Copies of your homeowner's insurance policy, including, in particular, the coverage selection sheet.

**REQUEST NO. 14**

Any and all documents reflecting any reservation of rights and/or disclaimers by any insurance carrier or other entity affording you coverage or protection on the claims asserted in the Complaint.

**REQUEST NO. 15**

Any and all written reports you prepared, including report cards, concerning Parker.

**REQUEST NO. 16**

Any and all performance or job evaluations for any employment position you held with Duxbury Public Schools.

**REQUEST NO. 17**

Any and all documents identified by you in your Answers to the Plaintiffs' First Set of Interrogatories in this matter.

**REQUEST NO. 18**

Any and all documents concerning policies and procedures that you were required to adhere to in your positions of employment with Duxbury Public Schools, including, in particular, documents reflecting the guidelines for locker room etiquette.

**REQUEST NO. 19**

Any and all documents and communications concerning complaints made against you regarding sexual misconduct and/or the mistreatment of minors.

Respectfully Submitted,

JOSEPH FOLEY and MELISSA FOLEY,
Individually and as Personal Representatives of the
Estate of JOSEPH PARKER FOLEY,

By their counsel,

DATED: July 23, 2021

/s/  Jason W. Morgan
Jason W. Morgan (BBO #633802)
Drohan Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, Massachusetts 02043
Tel:  (781) 749-7200
Fax:  (781) 740-4335
jmorgan@dtm-law.com

## CERTIFICATE OF SERVICE

I, Jason W. Morgan, hereby certify that, on July 23, 2021, I caused to be served a true and
correct copy of the foregoing, *via* First-Class Mail and email, upon the following parties of record:

John J. Davis, Esq.
Pierce Davis & Perritano LLP
10 Post Office Square, Suite 1100
Boston, MA 02109
jdavis@piercedavis.com

Kevin J. Reddington, Esq.
1342 Belmont Street, Suite 203
Brockton, MA 02301
kevinreddington@msn.com

/s/  Jason W. Morgan
Jason W. Morgan

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH FOLEY and MELISSA FOLEY,
Individually and as Personal Representatives of
the Estate of JOSEPH PARKER FOLEY,

Plaintiffs,

v.

JOHN BLAKE and DUXBURY PUBLIC
SCHOOLS,

Defendants.

Civil Action No. 1:21-cv-10615-ADB

## PLAINTIFFS' FIRST SET OF INTERROGATORIES PROPOUNDED UPON DEFENDANT DUXBURY PUBLIC SCHOOLS

Pursuant to Fed. R. Civ. P. 33 and Local Rules 26.5 and 33.1 of the U.S. District Court for the District of Massachusetts, Plaintiffs Joseph Foley and Melissa Foley, Individually and as Personal Representatives of the Estate of Joseph Parker Foley ("Plaintiffs"), hereby request that Defendant Duxbury Public Schools ("DPS") serve written responses to the Interrogatories within thirty (30) days of service hereof at the offices of Drohan Tocchio & Morgan, P.C., 175 Derby Street, Suite 30, Hingham, Massachusetts 02043.

## DEFINITIONS

The Uniform Definitions in Discovery Requests, as set forth in Local Rule 26.5 of the U.S. District Court for the District of Massachusetts, are incorporated herein, and terms should be given the following meanings:

1.  Parker.  The term "Parker" shall mean Joseph Parker Foley.

2.  Plaintiffs.  The term "Plaintiffs" shall mean Joseph Foley and Melissa Foley, Individually and as Personal Representatives of the Estate of Joseph Parker Foley.

3.      Blake.  The term "Blake" shall mean Defendant John Blake.

4.      DPS.  The term "DPS" shall mean Defendant Duxbury Public Schools.

5.      Complaint.  The term "Complaint" shall mean the Complaint filed by the Plaintiffs in the above-captioned litigation.

6.      DPS's Answer.  The term "DPS's Answer" shall mean the Answer of Defendant Duxbury Public Schools.

7.      Blake's Answer.  The term "Blake's Answer" shall mean the Answer of Defendant John Blake to the Complaint filed by the Plaintiffs.

8.      Communication.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

9.      Document.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

10.     Identify (With Respect to Persons).  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment.  Once a person has been identified in accordance with this subsection, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

11.     Identify (With Respect to Documents).  When referring to documents, "to identify" means to give, to the extent known, the:

    a.  Type of document;
    b.  General subject matter;
    c.  Date of the document; and
    d.  Author(s), addressee(s), and recipient(s).

12.     State the Basis.  When an Interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall

    a.  Identify each and every document (and, where pertinent, the section, article, or subsection thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

    b.  Identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

    c.   State separately the acts or omissions to act on the party of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

    d.   State separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

13.    <u>Parties</u>. The terms "plaintiff" or "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the arbitration.

14.    <u>Person</u>. The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

15.    <u>Concerning</u>. The term "concerning" means referring to, describing, evidencing, or constituting.

16.    <u>Singular/Plural</u>. The singular shall include the plural and the plural shall include the singular.

17.    <u>And/Or</u>. The terms "and" and "or" shall be construed as "and/or" wherever the context permits, to be as broad and inclusive as possible.

## **INSTRUCTIONS**

1.    Form of Response.

    a.   Answers and objections in response to interrogatories served pursuant to Fed. R. Civ. P. 33 shall be made in the order of the interrogatories propounded.

    b.   Each answer, statement, or objection shall be preceded by the interrogatory to which it responds.

    c.   Each objection and the grounds therefor shall be stated separately.

2.    Reference to Records. Whenever a party answers any interrogatory by reference to records from which the answer may be derived or ascertained, as permitted in Fed. R. Civ. P. 33(c):

      a.      The specification of documents to be produced shall be in sufficient detail to permit the interrogating party to locate and identify the records and to ascertain the answer as readily as could the party from whom discovery is sought;

      b.      The producing party shall make available any computerized information or summaries thereof that it either has, or can adduce by a relatively simple procedure, unless these materials are privileged or otherwise immune from discovery;

      c.      The producing party shall provide any relevant compilations, abstracts, or summaries in its custody or readily obtainable by it, unless these materials are privileged or otherwise immune from discovery and

      d.      The documents shall be made available for inspection and copying within 14 days after service of the answers to interrogatories or at a date agreed upon by the parties.

3.      Objections to Interrogatories.

      a.      When an objection is made to any interrogatory, or subpart thereof, it shall state with specificity all grounds upon which the objecting party relies.  Any ground not stated in an objection within the time provided by the Federal rules of Civil Procedure, or any extensions thereof, shall be deemed waived.

      b.      No part of an interrogatory shall be left unanswered merely because an objection is interposed to another part of the interrogatory.

4.      Answers to Interrogatories Following Objections.  Answers to interrogatories with respect to which objections were served and which are subsequently required to be answered shall be served within 14 days after it is determined that they should be answered.

5.      Claims of Privilege.  When a claim of privilege is asserted in objection to any interrogatory, or ay subpart thereof, and an answer is not provided on the basis of that assertion,

the attorney asserting the privilege shall identify in the objection the nature of the privilege that is being claimed.  If the privilege is being asserted in connection with a claim or defense governed by state law, the attorney asserting the privilege shall indicate the particular privilege rule that is being invoked.

## INTERROGATORIES

### INTERROGATORY NO. 1

Please state your full name, age, residence, business address, occupation, the position that you hold with DPS, and state whether DPS has specifically authorized you to answer these Interrogatories on its behalf.

### INTERROGATORY NO. 2

Please state each and every witness or person with knowledge of discoverable information relative to the allegations made in the Complaint.

### INTERROGATORY NO. 3

Please state the name, address, business address, occupation and specialty of each person you expect to call as an expert witness at the trial of this action, setting forth:

    a.  The subject matter, in detail, on which each such person may be expected to testify;
    b.  In detail, the substance of all facts about which each such person may be expected to testify;
    c.  In detail, the contents of all opinions to which each such person may be expected to testify; and
    d.  In detail, a summary of the grounds for each such opinion and the substance of all facts on which such opinions are based.

### INTERROGATORY NO. 4

State the basis of and state all facts concerning each denial and defense (including Affirmative Defenses) asserted in DPS's Answer.

### INTERROGATORY NO. 5

Please identify each and every Duxbury Public School regulation, policy, procedure, practice, and/or order concerning the following:

    a.  The training of faculty and staff with respect to the sexual abuse of minors and prevention thereof;

b. The supervision of students, including in your answer if faculty and staff are allowed to be in a room alone with a student;

c. The layout of the boys' locker room in the Duxbury Middle School while Parker attended Duxbury Middle School;

d. The procedures physical education teachers are required to adhere to in the locker rooms, including the procedures set forth for students who are prohibited from participating in gym class due to inappropriate attire; and

e. Reporting by faculty and staff concerning suspicions of abuse of any kind.

## INTERROGATORUY NO. 6

Please identify and describe in detail each and every complaint made to DPS concerning Blake.

## INTERROGATORY NO. 7

Please identify and describe in detail any and all disciplinary records or remands received by Blake at any time since his hire by DPS.

## INTERROGATORY NO. 8

Please identify and describe in detail any and all conversations or communications between DPS and Blake concerning any complaint asserted against Blake, including but not limited to the allegations in the Complaint.

## INTERROGATORY NO. 9

Please identify and describe in detail any and all conversations or communications between DPS and the Duxbury Police Department concerning any complaint asserted against Blake, including but not limited to the allegations in the Complaint.

## INTERROGATORY NO. 10

Please identify and describe in detail any and all civil rights lawsuit brought by any current or former student of DPS involving allegations of sexual abuse by faculty or staff of DPS.

## INTERROGATORY NO. 11

Please identify and describe in detail any and all complaints of a sexual nature concerning any current or former faculty or staff members of DPS.

## INTERROGATORY NO. 12

With respect to any lawsuits identified in subparagraph (e) of your Answer to Interrogatory No. 10, or any complaints identified in your Answer to Interrogatory No. 11, please identify any and all changes made by DPS relative to its policies and practices in the training, supervision,

discipline, and control of faculty and staff members, the reasons for such changes, the person responsible for the implementation of such changes, and the date such changes were implemented.

## INTERROGATORY NO. 13

Please identify Blake's current or former employment positions with DPS, including in your answer:

    a. The individuals who interviewed Blake for each such position;
    b. The documents received by DPS from Blake when Blake was applying for each such position;
    c. The training certificates, curriculum vitaes, recommendations, and other such documents that DPS relied upon when hiring Blake for each such position;
    d. The date of hire for each such position;
    e. The date of termination for each such position;
    f. The rate of compensation for each such position; and
    g. The individual(s) responsible for supervising Blake, including their full name, residence, and business address for each such position.

## INTERROGATORY NO. 14

Please describe in detail the layout and/or floorplan of the gymnasium and the adjacent locker rooms of the Duxbury Middle School, from the time the building was built to the present, including but limited to any changes or modifications to such layout or floorplans.

## INTERROGATORY NO. 15

Please identify any and all students who were classmates of Parker at any time while Parker was a student at the Duxbury Middle School.

## INTERROGATORY NO. 16

Please identify any and all teachers at the Duxbury Middle School at any time while Parker was a student at the Duxbury Middle School.

## INTERROGATORY NO. 17

Please state whether DPS has ever prepared any written reports concerning Blake, and if so, please:

    a. Describe the content of each report, state by and to whom it was prepared, and state the present custodian of the report; and
    b. State the basis and/or conclusions of each such report.

## INTERROGATORY NO. 18

If DPS was ever on high alert concerning Blake, please identify all such times, state the basis for being on high alert, and identify all students who were under the control of Blake while DPS was on high alert of Blake.

Respectfully Submitted,

JOSEPH FOLEY and MELISSA FOLEY, Individually and as Personal Representatives of the Estate of JOSEPH PARKER FOLEY,

By their counsel,

DATED: July 23, 2021

_/s/  Jason W. Morgan_
Jason W. Morgan (BBO #633802)
Drohan Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, Massachusetts 02043
Tel:  (781) 749-7200
Fax:  (781) 740-4335
jmorgan@dtm-law.com

## CERTIFICATE OF SERVICE

I, Jason W. Morgan, hereby certify that, on July 23, 2021, I caused to be served a true and correct copy of the foregoing, _via_ First-Class Mail and email, upon the following parties of record:

John J. Davis, Esq.
Pierce Davis & Perritano LLP
10 Post Office Square, Suite 1100
Boston, MA 02109
jdavis@piercedavis.com

Kevin J. Reddington, Esq.
1342 Belmont Street, Suite 203
Brockton, MA 02301
kevinreddington@msn.com

_/s/  Jason W. Morgan_
Jason W. Morgan

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH FOLEY and MELISSA FOLEY, Individually and as Personal Representatives of the Estate of JOSEPH PARKER FOLEY, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN BLAKE and DUXBURY PUBLIC SCHOOLS, <br><br> Defendants. | Civil Action No. 1:21-cv-10615-ADB |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED UPON DEFENDANT DUXBURY PUBLIC SCHOOLS

Pursuant to Fed. R. Civ. P. 34 and Local Rules 26.5 and 34.1 of the U.S. District Court for the District of Massachusetts, Plaintiffs Joseph Foley and Melissa Foley, Individually and as Personal Representatives of the Estate of Joseph Parker Foley ("Plaintiffs"), hereby request that Defendant Duxbury Public Schools ("DPS") serve written responses to this Request and produce documents, electronically stored information and/or tangible things responsive to this Request at the offices of Drohan Tocchio & Morgan, P.C., 175 Derby Street, Suite 30, Hingham, Massachusetts 02043, within thirty (30) days of service hereof.

## DEFINITIONS

The Uniform Definitions in Discovery Requests, as set forth in Local Rule 26.5 of the U.S. District Court for the District of Massachusetts, are incorporated herein, and terms should be given the following meanings:

1.    <u>Parker</u>.  The term "Parker" shall mean Joseph Parker Foley.

2.  <u>Plaintiffs</u>.  The term "Plaintiffs" shall mean Joseph Foley and Melissa Foley, Individually and as Personal Representatives of the Estate of Joseph Parker Foley.

3.  <u>Blake</u>.  The term "Blake" shall mean Defendant John Blake.

4.  <u>DPS</u>.  The term "DPS" shall mean Defendant Duxbury Public Schools.

5.  <u>Complaint</u>.  The term "Complaint" shall mean the Complaint filed by the Plaintiffs in the above-captioned litigation.

6.  <u>DPS's Answer</u>.  The term "DPS's Answer" shall mean the Answer of Defendant Duxbury Public Schools in the above-captioned litigation.

7.  <u>Blake's Answer</u>.  The term "Blake's Answer" shall mean the Answer of Defendant John Blake to the Complaint filed by the Plaintiffs in the above-captioned litigation.

8.  <u>Communication</u>.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

9.  <u>Document</u>.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

10.  <u>Parties</u>.  The terms "plaintiff" or "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the arbitration.

11.  <u>Person</u>.  The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

12.  <u>Concerning</u>.  The term "concerning" means referring to, describing, evidencing, or constituting.

13.  <u>Singular/Plural</u>.  The singular shall include the plural and the plural shall include the singular.

14.  <u>And/Or</u>.  The terms "and" and "or" shall be construed as "and/or" wherever the context permits, to be as broad and inclusive as possible.

## **INSTRUCTIONS**

1.      Form of Response.

        a.      Answers and objections in response to requests for document production, served pursuant to Fed. R. Civ. P. 34 shall be made in the order of the requests propounded.

        b.      Each answer, statement, or objection shall be preceded by the request to which it responds.

        c.      Each objection and the grounds therefor shall be stated separately.

2.      Objections to Document Request.

        a.      When an objection is made to any document request, or subpart thereof, it shall state with specificity all grounds upon which the objecting party relies.  Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be deemed waived.

        b.      No part of a document request shall be left unanswered merely because an objection is interposed to another part of the document request.

3.      Answers to Document Request Following Objections.  Answers to a document request with respect to which objections were served and which are subsequently required to be answered shall be served within 14 days after it is determined that they should be answered, unless directed otherwise.

4.      Claims of Privilege.  When a claim of privilege is asserted in objection to any document request, or any subpart thereof, and any document is not provided on the basis of that assertion, the attorney asserting the privilege shall identify in the objection the nature of the privilege that is being claimed with respect to each such document.  If the privilege is being

asserted in connection with a claim or defense governed by state law, the attorney asserting the

privilege shall indicate the particular privilege rule that is being invoked.

## **REQUESTS**

**REQUEST NO. 1**

A complete copy of the personnel file of Blake, including records of all disciplinary actions taken
against Blake and all job or performance evaluations from the time Blake commenced employment
with DPS to the present date.

**REQUEST NO. 2**

Any and all documents concerning complaints made against Blake.

**REQUEST NO. 3**

Any and all documents concerning complaints of sexual abuse or sexual harassment made against
faculty or staff members of DPS.

**REQUEST NO. 4**

Any and all records of any investigation by DPS and/or its agents or representatives into the
conduct of Blake from 2005 to the present date.

**REQUEST NO. 5**

Any and all documents and communications concerning the allegations set forth in the Complaint.

**REQUEST NO. 6**

Any and all documents reflecting the results and/or conclusions reached by DPS as a result of any
investigation into Blake's conduct from 2005 to the present date.

**REQUEST NO. 7**

Any and all reports or other such documents prepared by any representative of DPS and submitted
to the Superintendent of DPS concerning Blake from 2005 to the present date.

**REQUEST NO. 8**

Any and all reports or other such documents prepared by any representative of DPS and submitted
to the Duxbury Police Department concerning Blake from 2005 to the present date.

**REQUEST NO. 9**

Any and all documents concerning the job titles, job descriptions, job performance, qualifications, experience and/or training of Blake from the time Blake commenced employment with DPS to the present date.

**REQUEST NO. 10**

Any and all documents and communications concerning any investigation into Blake's conduct during Blake's employment with DPS.

**REQUEST NO. 11**

Any and all civil rights complaints made or filed against DPS with any state or federal court which include allegations of sexual misconduct and/or the failure of DPS to properly supervise, train, and/or discipline faculty and staff members of DPS.

**REQUEST NO. 12**

Any and all judgments against DPS, including all jury verdicts and/or jury responses to Special Questions or Interrogatories, entered in any state or federal court action wherein DPS was found negligent for civil rights violations.

**REQUEST NO. 13**

Any and all documents that in any way relate to any changes in the policies or practices of DPS in the training, supervision, discipline, and/or control of faculty and staff members of DPS in response to any judgment identified in Responses to Request Nos. 15 and 16, or in response to the commencement of this litigation.

**REQUEST NO. 14**

Any and all documents relating to any disciplinary action taken against Blake from the date of Blake's hire at DPS to the present date.

**REQUEST NO. 15**

Any and all documentary evidence which DPS intends to offer into evidence at the trial of this action.

**REQUEST NO. 16**

The entire insurance policy or policies which afford(s) DPS coverage or protection on the claims asserted in the Complaint, including, in particular, the coverage selection sheet for each such policy.

**REQUEST NO. 17**

Any and all documents reflecting any reservation of rights and/or disclaimers claimed by any insurance carrier or other entity affording DPS coverage or protection on the claims asserted in the Complaint.

**REQUEST NO. 18**

Any and all reports of experts in your possession, custody and/or control that may in any way relate to the claims asserted in the Complaint, either directly or indirectly.

**REQUEST NO. 19**

Any and all training manuals, instructions, guidelines, or other such documents pertaining to the sexual abuse of minors and prevention thereof used by DPS in the onboarding and continued training of faculty and staff members from 2005 through the present date.

**REQUEST NO. 20**

Any and all documents reflecting DPS's policies and procedures physical education teachers are required to adhere to, including, in particular, the guidelines for locker room etiquette and conduct, and the rules set forth for students who lack proper gym attire.

**REQUEST NO. 21**

Any and all documents concerning any changes made by DPS to the policies and procedures in Response to Request No. 20 from 2005 through the present date, including, in particular, any changes implemented after the commencement of this litigation.

**REQUEST NO. 22**

Any and all documents concerning DPS's policies and procedures for reporting suspicions of sexual misconduct.

**REQUEST NO. 23**

Any and all documents concerning any changes DPS implemented to the policies and procedures set forth in Response to Request No. 22, including, in particular, any changes implemented after the commencement of this litigation.

**REQUEST NO. 24**

Any and all documents identified by DPS in its Answers to the Plaintiffs' First Set of Interrogatories in this matter.

**REQUEST NO. 25**

Any and all documents concerning Parker, including report cards, letters, email communications, class rosters, and other such documents.

**REQUEST NO. 26**

Any and all documents received by any representative of DPS following the filing of this Complaint concerning Blake, including letters and electronic communications from parents, current and former students, faculty and staff members.

**REQUEST NO. 27**

Any and all documents reflecting or constituting communications with Regina Ryan and/or Discrimination and Harassment Solutions, LLC, including but not limited to reports of investigation for or on behalf of DPS or the Town of Duxbury.

**REQUEST NO. 28**

Any and all documents reflecting or constituting the floor plan or layout of the Duxbury Middle School, including but not limited to all classrooms and the gymnasium and the locker rooms adjacent to the gymnasium, from the time the Duxbury Middle School was built to the present.  To the extent that there have been any changes or modifications to the plan or layout of any part of the Duxbury Middle School over time, all floor plans or layouts reflecting the changes or modifications must be produced.

Respectfully Submitted,

JOSEPH FOLEY and MELISSA FOLEY,
Individually and as Personal Representatives of the
Estate of JOSEPH PARKER FOLEY,

By their counsel,

DATED: July 23, 2021

     /s/  Jason W. Morgan
Jason W. Morgan (BBO #633802)
Drohan Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, Massachusetts 02043
Tel:  (781) 749-7200
Fax:  (781) 740-4335
jmorgan@dtm-law.com

**CERTIFICATE OF SERVICE**

I, Jason W. Morgan, hereby certify that, on July 23, 2021, I caused to be served a true and correct copy of the foregoing, *via* First-Class Mail and email, upon the following parties of record:

John J. Davis, Esq.
Pierce Davis & Perritano LLP
10 Post Office Square, Suite 1100
Boston, MA 02109
jdavis@piercedavis.com

Kevin J. Reddington, Esq.
1342 Belmont Street, Suite 203
Brockton, MA 02301
kevinreddington@msn.com


    /s/  Jason W. Morgan
Jason W. Morgan

# EXHIBIT B

**Julianne Landry**

| | |
|---|---|
| **From:** | Jason Morgan |
| **Sent:** | Thursday, August 26, 2021 1:59 PM |
| **To:** | kevin reddington |
| **Cc:** | Julianne Landry |
| **Subject:** | RE: foley vs. duxbury, et. al. |

Kevin:

If you are telling me you need a reasonable period of additional time to respond, I am not going to file a motion to compel.  Just let me know when you expect to respond.  To the extent that Blake has already waived his objections, however, I have to reserve on that – put another way, at this point it would be our position that Blake has waived his objections in responding to written discovery requests.  I take the same position with regard to the DPS, which also failed to respond by the deadline.

Jason

**From:** kevin reddington <kevinreddington@msn.com>
**Sent:** Thursday, August 26, 2021 1:39 PM
**To:** Jason Morgan <Jason@dtm-law.com>
**Subject:** Re: foley vs. duxbury, et. al.

So you do not agree to an extension?

Sent from my iPhone

> On Aug 26, 2021, at 12:42 PM, Jason Morgan <Jason@dtm-law.com> wrote:

> Kevin:

> I have to reserve my rights on this, as the responses are already past due.  Same for the DPS, actually.

> Jason

1

**From:** kevin reddington <kevinreddington@msn.com>
**Sent:** Thursday, August 26, 2021 9:39 AM
**To:** Jason Morgan <Jason@dtm-law.com>
**Subject:** foley vs. duxbury, et. al.

Good Morning

I am looking for a short extension on providing answers to interrogatories and response to request for production of documents as I am presently out of the Commonwealth for a family wedding.

thanks for any consideration


K




Kevin J. Reddington
1342 Belmont Street
Brockton Mass. 02301
Office ~ 508-583-4280