UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH FOLEY and MELISSA FOLEY,  )<br>Individually and as Personal Representatives  )<br>of the Estate of JOSEPH PARKER FOLEY,  )<br>    Plaintiffs,  )<br>  )<br>vs.  )<br>  )<br>JOHN BLAKE and DUXBURY  )<br>PUBLIC SCHOOLS,  )<br>    Defendants.  ) | C.A. No. 1:21-CV-10615-ADB |

**DEFENDANT, DUXBURY PUBLIC SCHOOLS' LIMITED OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT MORE THAN TEN (10) DEPOSITIONS**

NOW COMES the Defendant Duxbury Public Schools ("DPS") and pursuant to Local Rule 7.1 hereby submits its Limited Opposition To Plaintiffs' Motion For Leave To Conduct More Than Ten (10) Depositions [Doc. No. 37]. In support thereof, DPS states as follows:

1. This is an action in which Plaintiffs allege that there son was sexually assaulted by his former gym teacher while attending Duxbury Middle School.

2. As required by Fed.R.Civ.P. 16.1(D), the Parties submitted a Joint Statement on May 20, 2021. [Doc. No. 11]. Therein, all parties "propose[d] that the Plaintiffs and Defendants each be afforded the number of interrogatories, requests for production of documents, requests for admissions and depositions set forth in Local Rule, D. Mass. 26.1(c)." [Doc. No. 11 at II.a.]. Pursuant to Local Rule 26.1(c), the parties are limited "to 10 depositions. . . ."

3. On May 20, 2021 the Plaintiffs submitted their Initial Disclosures, in which they identified thirteen (13) named individuals who were likely to have knowledge that Plaintiffs may use to support their claims and defenses.

4. The Plaintiffs also identified a Confidential Investigative Report as a document that they may use to support their claims and defenses. The Confidential Investigative Report itself identified sixteen (16) individuals who were interviewed as a part of the investigation.

5. Between Plaintiffs' Initial Disclosures and the Confidential Investigative Report, Plaintiffs were aware as of May 20, 2021 of twenty (20) unique witnesses who may have discoverable information.

6. On December 23, 2021, Plaintiffs, through counsel, sent a list of witnesses they proposed to depose in this matter which raised the total number of proposed depositions by Plaintiffs to nineteen (19).

7. Contrary to Plaintiffs' assertion, they are not entitled to "seventy (70) hours of deposition time otherwise permitted under the rules." Rather, Fed.R.Civ.P. 30(a) & (d) permit up to 10 depositions, each of which is limited to one (1) day of seven (7) hours. By plaintiffs' logic, parties would be permitted to take 70 one-hour depositions, or 35 two-hour depositions. Such overly broad and unduly burdensome discovery is not permitted under either Fed.R.Civ.P. 30 or Local Rule 26.1.

8. Counsel for the parties engaged in good-faith discussions in an attempt to avoid motion practice. DPS offered to stipulate, pursuant to Fed.R.Civ.P. 30(a)(2)(A), that Plaintiffs may conduct up to 20 depositions. Plaintiffs, through counsel, refused.

9. DPS then proposed that Plaintiffs file the instant Motion and agreed not to oppose it to the extent Plaintiffs sought leave to conduct up to 20 depositions.

10. DPS does not oppose Plaintiffs seeking leave to conduct up to 20 depositions.

11. DPS does oppose, however, Plaintiffs' open-ended request to take "at least twenty (20) depositions" and "reserve[] the right to seek leave from this Court to take additional depositions, if necessary." Such broad discovery is disproportionate to the needs of this case, which Plaintiffs apparently recognized when they proposed limiting each party to the ten (10) depositions permitted under Local Rule 26.1(c) and Fed.R.Civ.P. 30(a).

**WHEREFORE**, for the foregoing reasons, DPS respectfully opposes Plaintiffs' Motion For Leave To Conduct More Than Ten (10) Depositions [Doc. No. 37] to the extent it seeks leave to conduct more than twenty (20) depositions.

> The Defendant,
> DUXBURY PUBLIC SCHOOLS,
> By its Attorneys,
>
> **PIERCE DAVIS & PERRITANO LLP**
>
> */s/ John J. Davis*
> _____
> John J. Davis, BBO #115890
> 10 Post Office Square, Suite 1100N
> Boston, MA 02109
> (617) 350-0950
> jdavis@piercedavis.com

Dated: January 24, 2022

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on January 24, 2022.

*/s/ John J. Davis*
_____
John J. Davis, Esq.