UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH FOLEY and MELISSA FOLEY, Individually and as Personal Representatives of the Estate of JOSEPH PARKER FOLEY,

        Plaintiffs,

v.

JOHN BLAKE and DUXBURY PUBLIC SCHOOLS,

        Defendants.

Civil Action No. 1:21-cv-10615-ADB

**OPPOSITION TO DEFENDANTS' MOTION TO EXTEND
THE FACT DISCOVERY DEADLINE BY ANOTHER 90 DAYS**

NOW COME the Plaintiffs, Joseph Foley and Melissa Foley (the "Foleys"), individually and as the Personal Representatives of the Estate of Joseph Parker Foley ("Parker"), and hereby oppose the Motion to Extend Fact Discovery Deadline by an additional 90 days. There is no need for an extension of the current discovery deadline, May 2, 2022, because *all* of the delays in completing discovery fall squarely on the Defendants, without any justifiable excuse.

This is an emotionally-draining process for the Foleys and their family,[1] and they have been more than patient in their flexibility of scheduling depositions and completing discovery. The case was filed a year ago, in March 2021. Discovery was initially set to be completed on

---

[1] The Foleys have asserted that their deceased son, Parker, was sexually assaulted and raped by Defendant John Blake ("Blake"), Parker's former gym teacher at the Duxbury Middle School while Parker was a student during the mid-2000s. The testimony to date has established, among other things, that throughout the 2000s (and beyond), Defendant John Blake ("Blake") engaged in sexual relations with another teacher in four separate locations inside the Duxbury Middle School, during the school day, which aligns with what Parker shared with two close friends prior to his passing; and further testimony has established that Blake would not be present for Parker's gym class when another teacher was "co-teaching" the class, that Blake held Parker back from gym class on multiple occasions, and that Parker was not the only middle school boy whom Blake approached to keep back from gym class. This testimony has been enlightening, but also extremely painful and emotional for the Foleys and their family.

February 1, 2022.  By email dated December 17, 2021, after agreeing to supplement its responses to Interrogatories and provide a supplemental production of documents, counsel for Duxbury Public Schools ("DPS") requested that the parties agree to a 90-day extension of the discovery deadline "so that we can be sure to have all depositions concluded."  The Foleys agreed to that extension, to extend the discovery deadline to May 2, 2022, with the understanding that all depositions would, in fact, be completed by that extended deadline.

The Foleys (through undersigned counsel) have aggressively pursued DPS to schedule depositions since November 2021.  By no fault of the Foleys – and specifically because of delays caused by the Defendants – certain depositions have not yet been scheduled.  Even so, there is no reason that remaining depositions cannot be completed by May 2, 2022 – or at least by May 31, 2022, which the Foleys have agreed to as a compromise to Defendants' request for a second 90-day extension of the discovery deadline.

To be clear, Blake has done *zero* discovery to date, and it took filing a motion to compel to get any type of response from Blake.  Blake sat for his deposition, but he has not conducted *any* discovery of his own, and his counsel has participated in only *one* other deposition.[2]  For its part, DPS has dragged its feet on a very slow-rolling production of documents and has delayed getting deposition dates for its witnesses (current and former teachers and administrators) despite multiple attempts by the Foleys to notice depositions and get them scheduled.[3]  Those delays

---

[2] Blake did not request an extension of the current discovery deadline, and did not participate in the drafting of the Motion, which was drafted entirely by counsel for DPS.  Blake's counsel simply agreed to DPS's request to extend the deadline, stating: "I have a standing order of agreeing to anything you all want."  While Blake's counsel certainly has been accommodating on that front, it is clear that DPS, and not Blake, is driving the Motion to request a second 90-day extension of the discovery deadline.

[3] The Foleys initially requested available dates for the former Duxbury Superintendent, John Antonucci, in early November 2021, and ultimately noticed Antonucci's deposition for December 17, 2021.  On December 6, 2021, DPS notified the Foleys that Antonucci was no longer available on December 17.  The Foleys inquired again about Antonucci's availability on January 4, 2022, but were informed that there would be a delay in getting confirmation from Antonucci.  On February 3, 2022, the Foleys again asked about a date for Antonucci and also a date to complete

notwithstanding, the Foleys have pressed forward, and they are prepared to complete depositions and to sit for their own noticed depositions before May 2, 2022.

DPS claims a need for an additional 90 days for discovery – its *second* request for a 90-day extension – because two of its counsel, Justin Amos and John Davis, have a trial in April 2022. That trial was known about for months. In fact, the April trial date was mentioned in Attorney Amos's email, dated February 3, 2022, wherein he agreed to get the depositions of Antonucci and Klingaman scheduled during March 2022 (which never happened).

Moreover, DPS just recently had another partner at Piece Davis & Perritano LLP, Adam Simms, enter an appearance. As such, there are now two partners and one senior associate representing DPS in this case. There is simply no reason to delay discovery – and no reason that discovery cannot be completed by May 2, 2022. Even so, as a compromise, the Foleys have agreed to push the discovery deadline out to May 31, 2022; and DPS has provided absolutely no reason why it cannot complete discovery during the month of May, even if (as alleged) it is completely unable to conduct discovery for the entire month of April.

This has been a grueling year for the Foleys. They lost their son in late 2020. They waited for DPS to investigate their allegations against Blake, which concluded in a finding that Blake "engaged in unwelcomed conduct of a sexual nature against Parker while he was a student at DMS in violation of the School's Harassment Policy" – and Blake was fired. Soon thereafter, the Foleys

---

the Rule 30(b)(6) deposition of DPS. DPS indicated that it would connect with Antonucci and the Rule 30(b)(6) witness, Interim Superintendent Danielle Klingaman, but that those depositions would likely be pushed until March 2022. The Foleys proceeded with other depositions, and continued to make inquiry about scheduling Antonucci and Klingaman. At the same time, on March 1, 2022, DPS expressed a desire to take two out-of-state depositions of former friends of Parker with whom he shared details about the sexual abuse by Blake. To date, there still have been no subpoenas for those two depositions. DPS also has not followed up to schedule the depositions of Joseph and Melissa Foley, whose depositions were originally scheduled for January 2022 and postponed at *DPS's* request. The Foleys are ready, willing, and available to be deposed. At the same time, they continue to wait for dates from DPS for Antonucci and Klingaman, as well as dates for three current DPS teachers for whom dates were requested more than a month ago.

initiated this lawsuit, and they have actively pushed to get discovery completed. Through no fault of their own, the Foleys have been delayed in completing depositions and moving this case forward. Nevertheless, they are committed to continuing to push to complete depositions by the May 2, 2022 discovery deadline. DPS has dragged its feet on making witnesses available, and it has sat on its hands in scheduling (or failing to schedule) the Foleys' depositions as well as the two out-of-state depositions it previously expressed an interest in taking. DPS can provide no justifiable excuse for not making its own witnesses available sooner and for not scheduling any of the depositions it wishes to take.

WHEREFORE, for these reasons, the Foleys respectfully request that the Motion to Extend the Discovery Deadline by another 90 days be <u>denied</u>, and that the Court allow (if anything) discovery to be extended to no later than <u>May 31, 2022</u>. The Foleys further request that the Court grant such other and further relief to the Foleys that the Court deems just and proper.

Respectfully Submitted,

JOSEPH FOLEY and MELISSA FOLEY,
Individually and as Personal Representatives of the Estate of JOSEPH PARKER FOLEY,

By their counsel,

DATED: March 24, 2022

/s/ Jason W. Morgan
Jason W. Morgan (BBO #633802)
Drohan Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, Massachusetts 02043
Tel: (781) 749-7200
Fax: (781) 740-4335
jmorgan@dtm-law.com

## CERTIFICATE OF SERVICE

  I, Jason W. Morgan, hereby certify that, on March 24, 2022, I caused to be served a true and correct copy of the foregoing, *via* ECF filing and email, upon the following parties of record:

John J. Davis, Esq.  
Pierce Davis & Perritano LLP  
10 Post Office Square, Suite 1100  
Boston, MA 02109  
jdavis@piercedavis.com

Kevin J. Reddington, Esq.  
1342 Belmont Street, Suite 203  
Brockton, MA 02301  
kevinreddington@msn.com

   /s/ Jason W. Morgan  
  Jason W. Morgan